ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>CHRISTIAN M. BELLO COLÓN<br><br>Peticionario | KLCE202500041 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.:<br>ISCR201800601<br><br>Sobre:<br>Ley 54, Art. 3.1 |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de enero de 2025.

El señor Christian M. Bello Colón, (señor Bello Colón o peticionario) presentó un recurso de *Certiorari*, por derecho propio y en *forma pauperis*. Solicitó la revocación de la Orden que emitió el Tribunal de Primera Instancia, Sala de Mayagüez (Tribunal), el 4 de diciembre de 2024. Mediante referida Orden el Tribunal denegó la solicitud de reconsideración que presentó Bello Colón porque la pena que se le impuso se dictó conforme al acuerdo entre las partes.

El peticionario, solicitó litigar como indigente, sin incluir la declaración requerida. No obstante, aceptamos su comparecencia por su condición de confinado.

Examinado recurso, denegamos la expedición auto de *Certiorari*.

Número Identificador

RES2025 _____

**I.**

Surge del recurso que Christian M. Bello Colón se encuentra confinado en una Institución Correccional extinguiendo una sentencia por infringir, entre otros, el Artículo 5.04 de la Ley Núm. 404-2000, según enmendada, conocida como Ley de Armas de Puerto Rico (Ley de Armas de 2000), 25 LPRA sec. 455 *et seq.*

El 7 de noviembre de 2024 el señor Bello Colón presentó un escrito titulado *Reconsideración* ante el Tribunal de Primera Instancia, Sala de Mayagüez. Allí manifestó que fue declarado culpable tras una alegación de culpabilidad, realizada de forma libre, voluntaria y con la orientación legal. Mencionó que desconocía que existía una pena más favorable por el Artículo 5.04 de la Ley de Armas, vigente al momento de los hechos. Alegó, además, que el inciso 7 de la Regla 72 de Procedimiento Criminal, *infra*, que regula las alegaciones pre acordadas, dispone una pena de dos (2) años.

Sostuvo que fue sentenciado a cinco (5) años, obviándose el término de dos (2) años que fija la Regla 72 de Procedimiento Criminal. Señaló que los Tribunales tienen el poder de reconsiderar sus determinaciones a solicitud de parte o motu proprio mientras conserven jurisdicción sobre los casos. Indicó que una petición de modificación de la pena impuesta es, en esencia, una solicitud de reconsideración de la sentencia.

Atendida la moción de reconsideración, el 4 de diciembre de 2024, notificada el 10 de diciembre de 2024, el foro primario emitió la siguiente Orden: "Nada que disponer. La pena impuesta se dictó conforme al acuerdo entre las partes."

En desacuerdo, el 27 de diciembre de 2024, el señor Bello Colón suscribió un escrito de *Certiorari* para la revisión de este

foro de intermedio. El sobre que acompañó al recurso, tenía el matasellos del 10 de enero de 2025.

Al recurso solamente unió la Moción de Reconsideración que presentó al Foro Primario y la determinación de referido Tribunal, cuya revisión se nos solicita. No incluyó en el apéndice la copia de la Sentencia que impugna, ni la alegación pre acordada, para nuestro análisis.

Tras revisar el escrito, a la luz de los hechos que informa el peticionario, y, con el propósito de lograr el más eficiente despacho de este asunto, prescindimos de solicitar la comparecencia escrita de la parte recurrida a tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

## II.

## A.

La Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1, autoriza que cualquier persona que se encuentre detenida en virtud de una sentencia condenatoria y que alegue tener un derecho a ser puesto en libertad presente una solicitud ante la sede del Tribunal de Primera Instancia que la impuso para que anule, deje sin efecto o corrija dicha sentencia. Pueblo v. Hernández Doble, 210 DPR 850, 862 (2022); Pueblo v. Torres Cruz, 194 DPR 53, 67 (2015). Ello, en circunstancias en que se alegue el derecho a ser puesto en libertad. Pueblo v. Torres Cruz, *supra*.

Los fundamentos que se pueden invocar son los siguientes:

> La sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución y las leyes de Estados Unidos; o el tribunal no tenía jurisdicción para imponer dicha sentencia; o, la sentencia impuesta

excede de la pena prescrita por la ley; o la sentencia está sujeta a ataque colateral por cualquier motivo [...]. 34 LPRA Ap. II.

Cabe destacar, además, que el procedimiento dispuesto por la regla en cuestión es uno de naturaleza civil, separado e independiente del procedimiento criminal cuya sentencia es impugnada. Pueblo v. Hernández Doble, *supra*; Pueblo v. Román Mártir, 169 DPR 809, 826 (2007). Por consiguiente, "es el peticionario quien tiene el peso de la prueba para demostrar que tiene derecho al remedio solicitado". Íd.

**B.**

En nuestra jurisdicción se reconoce la validez de las alegaciones preacordadas de culpabilidad. Pueblo v. Rivera Montalvo, 205 DPR 352, 367 (2020); Pueblo v. Mojica Cruz, 115 DPR 569, 579 (1969). Así, la Asamblea Legislativa codificó el procedimiento para validarlas en la Regla 72 de Procedimiento Criminal, 34 LPRA Ap. II. Pueblo v. Rivera Montalvo, *supra*; Pueblo v. Acosta Pérez, 190 DPR 823, 830-831 (2014). Sobre el particular, el Tribunal Supremo ha indicado que el tribunal "tiene discreción para aceptar, rechazar, modificar o permitir el retiro de una alegación preacordada". Pueblo v. Rivera Montalvo, *supra*; Pueblo v. Acosta Pérez, *supra*, pág. 833.

Sin embargo, esta discreción no es absoluta. Previo a la aceptación de una alegación preacordada, la Regla 72, *supra*, exige que el tribunal evalúe si: (1) la alegación fue hecha con pleno conocimiento, conformidad y voluntariedad del imputado, (2) es conveniente para una sana administración de la justicia y (3) se logró conforme a derecho y a la ética. Pueblo v. Rivera Montalvo, *supra*; Pueblo v. Pérez Adorno, 178 DPR 946, 957 (2014). Si se no se cumplen todos los requisitos enumerados, el juez está obligado a rechazar la alegación preacordada. Íd.

Conforme con estos principios, el tribunal tiene el deber de asegurarse de que la alegación de culpabilidad se hizo inteligente y voluntariamente. Pueblo v. Rivera Montalvo, *supra*, pág. 367-368.  A esos fines, la Regla 72, *supra*, faculta al tribunal, en lo pertinente, a "requerir del fiscal y del abogado del imputado aquella información, datos y documentos que tengan en su poder y que estime necesarios, y podrá examinar al imputado y a cualquier otra persona que a su juicio sea conveniente". Pueblo v. Rivera Montalvo, *supra*, pág. 368.

En cuanto a las alegaciones preacordadas, el inciso (7) de la Regla 72 de las Reglas de Procedimiento Criminal, según enmendado por la Ley 142-2013, en lo aquí pertinente, indicaba así:

Regla 72-Alegaciones preacordadas

En todos aquellos casos en que mediaren alegaciones preacordadas entre la defensa del imputado y el representante del Ministerio Público, se seguirá el siguiente procedimiento:

(7) Toda alegación preacordada en una causa en la que se impute la venta, posesión, transporte, portación o uso ilegal de un arma de fuego, según establecido en los **Artículos 5.04 o 5.15 de la Ley 404-2000**, según enmendada, conocida como la Ley de Armas de Puerto Rico, o sus versiones subsiguientes, deberá conllevar para el imputado o acusado una pena de reclusión de **al menos dos (2) años, cuando la pena de reclusión estatuida para la conducta imputada bajo dichos Artículos sea mayor de dos (2) años**. Cuando circunstancias extraordinarias relacionadas con el proceso judicial así lo requieran, **el Secretario de Justicia tendrá la facultad para autorizar por escrito una alegación preacordada que incluya una pena de reclusión menor de dos (2) años. El Secretario de Justicia podrá delegar esta facultad en el Subsecretario de Justicia o en el Jefe de los Fiscales.** (Énfasis nuestro).
[…]
34 LPRA Ap. II, R. 72

**C.**

El Artículo 5.04 de la Ley Núm. 404-2000, de la Ley de Armas de Puerto Rico, disponía en lo pertinente que:

Toda persona que transporte cualquier arma de fuego o parte de ésta, sin tener una licencia de armas, o porte cualquier arma de fuego sin tener su correspondiente permiso para portar armas, incurrirá en delito grave y convicta que fuere, será sancionada con pena de reclusión por un término fijo de diez (10) años, sin derecho a sentencia suspendida, a salir en libertad bajo palabra, o a disfrutar de los beneficios de algún programa de desvío, bonificaciones o alternativa a la reclusión reconocida en esta jurisdicción, debiendo cumplir en años naturales la totalidad de la pena impuesta. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de veinte (20) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un **mínimo de cinco (5) años**. (Énfasis suplido).
[…]
25 LPRA sec. 458e

## D.

El recurso de *Certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Pueblo v. Rivera Montalvo, *supra*, pág. 372. A diferencia del recurso de apelación, el tribunal superior puede expedir el auto de *certiorari* de manera discrecional. Pueblo v. Rivera Montalvo, *supra*; Pueblo v. Díaz de León, 176 DPR 913, 917-918 (2009).

El Tribunal Supremo ha indicado que la discreción significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. Pueblo v. Rivera Santiago, 176 DPR 559, 580 (2009); Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, *supra*. Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. Pueblo v. Rivera Santiago, *supra*, pág. 581.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. La referida regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### III.

En el escrito de *Certiorari,* el peticionario alegó, en síntesis, que mediante un preacuerdo fue sentenciado a cinco (5) años de prisión por violación al Artículo 5.04 de la Ley de Armas de 2000. Entendió que debió ser sentenciado dos (2) años, según la Regla 72 de Procedimiento Criminal. Señaló que es deber del Tribunal

cerciorarse, previo a aceptar una alegación acordada, que esta se realizó con pleno conocimiento, conformidad y voluntariedad del imputado. Manifestó que no es una sana administración de la justicia, el llegar a un acuerdo y someter al convicto a una pena no admitida por la regla. Disponemos.

El peticionario, tal como indicáramos, omitió en el apéndice el documento de preacuerdo y la Sentencia dictada de conformidad a tenor con aquel. Estos documentos eran esenciales para perfeccionar adecuadamente su recurso.

Independientemente a ello, examinamos el Artículo 5.04 de la Ley de Armas de 2000, delito por el cual el peticionario alega que fue sentenciado a cinco (5) años. Referido artículo establecía una pena fija de diez (10) años de cárcel, con una pena máxima de veinte (20) años de mediar agravantes y una pena **mínima de cinco (5) años de mediar atenuantes**.

En el caso de una alegación preacordada, la Ley 142-2013, que enmendó la Regla 72, inciso 7, de las Reglas de Procedimiento Criminal, *supra*, regula que cuando se trate de los delitos por los **Artículos 5.04** y 5.15 de la Ley de Armas, la pena preacordada entre el Ministerio Público y la defensa deberá conllevar para el acusado una pena de reclusión de **al menos dos (2)** años. Para que la pena preacordada pueda ser menos a dos (2) años, se requerirá la autorización del Secretario de Justicia o de la persona a quien se éste le haya delegado tal facultad.

Así pues, claramente, la Regla 72 de Procedimiento Criminal estatuye que toda alegación de culpabilidad por violar el Artículo 5.04 de la Ley de Armas deberá conllevar una pena de reclusión de **al menos** dos años. Esto es, que, a falta de una autorización del Secretario de Justicia, no se podrá preacordar una pena menor de dos (2) años. La Regla 72 (7) de Procedimiento Criminal es

una limitación a la facultad del Ministerio Público al momento de negociar una alegación preacordada, en ningún momento establece que la pena por infracción al Artículo 5.04 de la Ley de Armas de 2000, deba ser de únicamente de dos (2) años.   De manera que, el alcance que le dio Bello Colón a esta norma procesal no es correcta en derecho.

Así que, tomando como ciertas las alegaciones del peticionario Bello Colón, a este se le impuso una Sentencia de cinco (5) años por infracción al Artículo 5.04 de la Ley de Armas, *supra*. Esta pena se encuentra dentro del límite **mínimo de dos (2)** años que establecía la Regla 72, inciso 7 de Procedimiento Criminal, *supra*.

Siendo ello así, nada en las alegaciones del peticionario nos mueven a intervenir con el dictamen del Foro recurrido, quien no acogió el planteamiento del Peticionario y decretó: "Nada que disponer.  La pena impuesta se dictó conforme al acuerdo entre las partes."  El peticionario tampoco nos demostró que su petición cumpliera con alguno de los criterios de la Regla 40 de nuestro reglamento que nos permita expedir el auto de *Certiorari*.

**IV.**

Por los fundamentos expuestos, denegamos el auto de *Certiorari* que solicitó Christian M. Bello Colón.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones